# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

LAWRENCE CRIFT, JR.                                                                                         PLAINTIFF

v.                                          No. 5:11CV00136 JLH

JASON WILLIAMS, Individually and in his
Official Capacity as Police Officer for the
City of McGehee; JOEY MOORE, Individually
and in his Official Capacity as Police Officer
for the City of McGehee; and WADE CANTRELL,
Individually and in his Official Capacity as
Sheriff of Desha County                                                                                   DEFENDANTS

## OPINION AND ORDER

Lawrence Crift brings this action against McGehee, Arkansas, police officers Jason Williams and Joey Moore, and Desha County Sheriff Wade Cantrell, alleging various claims stemming from his 2009 arrest. Crift previously brought an action against the same defendants alleging state and federal law claims surrounding the same event. *See Crift v. Williams*, No. 5:09CV00326 (E.D. Ark., filed Oct. 26, 2009) (hereinafter "*Crift I*"). In *Crift I*, pursuant to Rule 68 of the Federal Rules of Civil Procedure, the defendants made an offer of judgment, Crift accepted the offer, and the Court entered judgment. Williams and Moore have now moved for summary judgment in the present action,[1] arguing that the previous judgment precludes Crift's current claims and that Crift has failed to state a claim for which relief could be granted. Crift has responded on the merits, and he has also moved for the Court to stay its ruling on summary judgment under Federal Rule of Civil Procedure 56(d). For the following reasons, the Court dismisses all of Crift's claims with prejudice, except his malicious prosecution claim, and it declines to exercise supplemental jurisdiction over the malicious prosecution claim.

---

[1]Cantrell has not entered an appearance and apparently has never been served.

The present dispute originated on September 19, 2009, when Moore and Williams arrested Crift at an apartment complex in McGehee. Crift alleges that before the arrest the defendants unlawfully searched him, choked him, and forced his mouth open with a baton. After the arrest, according to Crift, the defendants took him to a hospital and directed that the doctors obtain a urine sample from him through the unwelcome use of a catheter. Eventually, Crift alleges, Moore and Williams caused felony and misdemeanor charges to be filed against him in state court.

On October 26, 2009, the complaint was filed in *Crift I*. According to Crift's initial complaint in the present action, the felony charges against him were dismissed on May 25, 2010. According to his amended complaint in this action, however, the misdemeanor charges were not dismissed until August 23, 2011. The judgment in *Crift I* was entered on March 15, 2011. On May 25, 2011, Crift filed his complaint in the present action. He amended the complaint on August 30, 2011, after the misdemeanor charges were dismissed.

In his amended complaint in the present action, Crift lists the following claims: conspiracy to deprive Crift of his civil rights and equal protection under 42 U.S.C. § 1985; malicious prosecution; abuse of process; violation of Crift's First Amendment right to sue; cruel and unusual punishment; deprivation of Fourteenth Amendment due process; illegal search and seizure; and a violation of Crift's right to remonstrate under the Arkansas Constitution. The parties first dispute which of these claims are precluded by the previous judgment.

The Eighth Circuit has applied the principles of *res judicata* to a Rule 68 judgment. *See, e.g., Banks v. Int'l Union Elec., Elec., Technical, Salaried and Mach. Workers*, 390 F.3d 1049 (8th Cir. 2004); *cf. Silva v. City of New Bedford*, 660 F.3d 76 (1st Cir. 2011); *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501 (10th Cir. 2002). Crift argues, however, that the principles

2

of *res judicata* do not apply to Rule 68 judgments and that principles of contract law govern the preclusive effect of Rule 68 judgments instead. *See Hennessy v. Daniels Law Office*, 270 F.3d 551, 553 (8th Cir. 2001) ("An offer of judgment is usually treated as an offer to make a contract."). Even if that is true, the result here is the same.

It is undisputed that the specific claims listed in *Crift I*'s final amended complaint are precluded by the Rule 68 judgment. *See* Crift's brief, Document #16, at 1 ("[T]he Offer of Judgment in *Crift I* only applied to the 'claims . . . ' which were made in *Crift I*."). Thus, Crift's cruel and unusual punishment, Fourteenth Amendment due process, and illegal search and seizure claims are precluded because they were explicitly brought in the previous action. *See Crift I*, Document #94. For the same reason, Crift's 42 U.S.C. § 1985 claims are precluded to the extent that they concern specific facts alleged in his previous complaint, such as the allegedly false arrest or use of excessive force.

The parties dispute, however, whether the *Crift I* judgment precludes claims that could have been brought in the previous action but were not. The offer of judgment in *Crift I* was an offer for "full and complete settlement of this claim and cause of action." Document #13-7, at 1. Williams and Moore argue that any claim arising from the same nucleus of operative facts as *Crift I* is barred, referencing *res judicata* principles. The Eighth Circuit has repeatedly stated, in discussing *res judicata* issues, that "cause of action" should be broadly interpreted to encompass various claims arising out of the same nucleus of operative fact. *See, e.g., Liddell v. Bd. of Educ. of St. Louis*, 73 F.3d 819, 823 (8th Cir. 1996) ("[T]he commonly-held understanding [is] that multiple claims arising out of the same nucleus of operative fact, or the same factual predicate, are really the same 'cause of action.'"); *Cnty. of Boyd v. US Ecology, Inc.,* 48 F.3d 359, 361 (8th Cir. 1995) ("The instant legal

theories . . . may well be different from those presented in the [earlier] litigation. However, this does not mean the cause of action underlying the theories is different."). Likewise, in common lawyer parlance, a "cause of action" is a "group of operative facts giving rise for one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person." *Black's Law Dictionary* 251 (9th Ed. 2009). Similarly, a "claim" is the "aggregate of operative facts giving rise to a right enforceable by a court." *Id*. at 281. Thus, a full and complete settlement of Crift's claim and cause of action against the defendants in *Crift I* would be a settlement with respect to the set of operative facts alleged in *Crift I* and would encompass legal theories that could have been but were not advanced as bases for relief. Any claim, therefore, that could have been brought in the previous action, and that arose out of the same nucleus of operative facts, is precluded, whether based on the terms of the offer of judgment or the principles of *res judicata*.

This holding precludes all of the remaining claims in Crift's present complaint except for his claim of malicious prosecution. For example, Crift did not bring his updated 42 U.S.C. § 1985(c) claims—alleging that Williams and Moore conspired to prosecute him criminally based his race and because he brought the first lawsuit—in *Crift I*.[2] Unlike the tort of malicious prosecution, a section 1985(c) claim does not require termination of the earlier prosecution. A section 1985(c) claim requires: "(1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws, (3) an act in furtherance of the conspiracy, and (4) resulting injury or the deprivation of any right or privilege of a citizen of the United States." *Shortbull v. Looking Elk*,

---

[2]While Crift does not specify in the present complaint which of the three section 1985 provisions form the basis of his allegations, the language Crift uses is identical to that in section 1985(c). *See* 42 U.S.C. § 1985(c) ("If two or more persons in any state or territory conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of privileges and immunities under the laws . . . .").

677 F.2d 645, 648 (8th Cir. 1982) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798-99, 29 L. Ed. 2d 338 (1971)); *cf. Lewellen v. Raff*, 843 F.2d 1103 (8th Cir. 1988) (approving federal district court's preliminary injunction of pending state court prosecution).[3] Hence, the section 1985(c) claim Crift now alleges could have been brought in *Crift I* and is therefore precluded.

Crift essentially admits that, if all claims that could have been brought previously are indeed barred, then only his malicious prosecution claim would survive. *See* Crift's Response, Document #15, at 1 ("At the time of the [earlier judgment] . . . the criminal charges placed on the Plaintiff by the Defendants were still pending. Accordingly, Plaintiff's claims for malicious prosecution in this action (Crift II) had not accrued and, therefore, could not have been asserted [during Crift I]." Williams and Moore argue, however, that the malicious prosecution claim is also precluded by the earlier judgment. They also argue that Crift fails to allege a claim upon which relief could be granted because he has not alleged any facts tending to show that Williams and Moore, as police officers, could initiate the prosecution or cause it to be continued. Crift contends that this claim is not precluded because he could not have brought it in the earlier action, and he argues that he has sufficiently stated the claim. Crift also moves, under Rule 56(d),[4] for the Court to stay its summary

---

[3]Notably, Crift filed three amended complaints in the previous action, and he filed the final of these amended complaints more than a year after the original complaint was docketed. *See Crift I*, Document #94. Crift therefore had ample time and opportunity to add the section 1985(c) claim alleging a conspiracy to continue prosecution of him in retaliation for his filing of the original complaint.

[4]Crift actually filed a "Rule 56(f) motion." On December 1, 2010, however, Rule 56(f) was recodified "without substantial change" as Rule 56(d). *Chambers v. Travelers Cos.*, 668 F.3d 559, 568 (8th Cir. 2012).

5

judgment decision until he is able to take discovery on the issue of whether Williams and Moore initiated the prosecution or caused it to be continued.

Crift is correct that his malicious prosecution claim could not have been brought in the earlier action because Arkansas law requires him to prove that the proceedings against him were terminated in his favor. *See S. Ark. Petroleum Co. v. Schiesser*, 343 Ark. 492, 495, 36 S.W. 3d 317, 319 (2001); *Stokes v. S. States Coop, Inc.*, 651 F.3d 911, 915 (8th Cir. 2011). According to Crift's amended complaint, the criminal proceedings against Crift were not terminated until August 23, 2011—several months after entry of the judgment in *Crift I*. Crift's malicious prosecution claim, at least with respect to the misdemeanor charges,[5] is therefore not barred by the judgment in *Crift I*.[6]

A malicious prosecution claim generally does not present a federal question. *See Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000) ("It is well established in this circuit that '[a]n action for malicious prosecution by itself does not allege a constitutional injury.'" (quoting *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir. 1993)); *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 650 (8th Cir. 2001); *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 860, 863

---

[5] The record here does not show whether the felony charges were part of the same proceeding as the misdemeanor charges or a separate proceeding. If the felony charges were a separate proceeding, a malicious prosecution claim as to them may also be barred because they were dismissed on May 25, 2010, while *Crift I* was pending.

[6] While Crift's abuse of process claim is closely related to his malicious prosecution claim, its elements are different and do not require termination of the proceedings. *See Nat'l Bank of Ark. v. River Crossing Partners, LLC*, --- S.W.3d ---, 2011 Ark. 475, 2011 WL 5433744, *11 (2011) (abuse of process claim requires that: "(1) a legal procedure [was] set in motion in proper form, even with probable cause and ultimate success; (2) the procedure [was] perverted to accomplish an ulterior purpose for which it was not designed; and (3) a willful act [was] perpetrated in the use of process which is not proper in the regular conduct of the proceeding"). *Schiesser*, 343 Ark. at 502, 36 S.W.3d at 323. It could have been brought in the previous action and is therefore precluded.

(8th Cir. 2002).[7] According to Eighth Circuit precedent, however, there are at least two ways in which a malicious prosecution claim may present a federal question. First, the plaintiff may show that the acts on which his malicious prosecution claim is based also violated a constitutional provision or federal law. *See Technical Ordnance*, 244 F.3d at 650. Here, Crift makes no such allegation, and any such allegation would likely be bound by preclusion. Second, a plaintiff may show that a necessary element of the malicious prosecution claim involves a substantial, disputed federal law question. *Nichols*, 284 F.3d at 860. The prosecution on which Crift's malicious prosecution claim is based was a prosecution in a state court involving charges that Crift violated state law. In order to prevail on a malicious prosecution claim in Arkansas, Crift must prove: (1) the defendants instituted or continued a proceeding against him; (2) the proceeding was terminated in his favor; (3) there was no probable cause; (4) the defendants acted maliciously; and (5) damages exist. *Schiesser*, 343 Ark. at 495, 36 S.W. 3d at 319; *Stokes,* 651 F.3d at 915-16. No federal question would need to be resolved in analyzing the elements of Crift's malicious prosecution claim, so there is no federal question jurisdiction.

Because Crift's malicious prosecution claim arises under state law, and because the parties are all citizens of Arkansas, the Court's jurisdiction over Crift's malicious prosecution claim is based on 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction,

---

[7]The circuits have split on this issue. *Compare Adams v. Rotkvich*, 325 Fed. Appx. 450, 452 (7th Cir. 2009) (malicious prosecution is not a free-standing constitutional tort if state law provides a remedy), *with Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 675 (6th Cir. 2005) ("Malicious prosecution claims can be brought under either federal or state law."), *and Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) ("In our cases analyzing malicious prosecution under § 1983 . . . ."). The split largely revolves around conflicting interpretations of the fractured Supreme Court decision in *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (containing six separate opinions without a majority).

the district courts shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy. . . ."). A district court may decline to exercise supplemental jurisdiction over a claim under section 1367(a) if the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). The issues in Crift's malicious prosecution claim arise from an arrest and prosecution by Arkansas law enforcement officers for an alleged violation of Arkansas law. The prosecution was carried out in an Arkansas court. Whether Crift can prove the elements of the tort of malicious prosecution is a question for the Arkansas courts. Out of respect for the principles of federalism and for the courts of the State of Arkansas, the Court will exercise its discretion under section 1367(c) to decline to exercise supplemental jurisdiction over Crift's malicious prosecution claim. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619, n.7, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) (stating that the district court should have declined pendent jurisdiction after dismissing all federal claims because of "the necessity to provide great deference and comity to state court forums to decide issues involving state law questions").

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #12. All of the plaintiff's claims, with the exception of malicious prosecution, are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the malicious prosecution claim; therefore, it is dismissed without prejudice. The plaintiff's motion to stay under Rule 56(d) is DENIED as moot. Document #18.

IT IS SO ORDERED this 27th day of April, 2012.

                                                  _____
                                                  J. LEON HOLMES
                                                  UNITED STATES DISTRICT JUDGE